
FILED

JUL 3 1 2014

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| In re:<br><br>YELLOWSTONE MOUNTAIN CLUB, LLC, *et al.*,<br><br>    Debtors. | CV 14–02–BU–DWM |
| DESERT RANCH LLLP, a Nevada limited liability limited partnership; DESERT RANCH MANAGEMENT LLC, a Nevada limited liability company; and TIMOTHY BLIXSETH, an individual;<br><br>    Appellants,<br><br>vs.<br><br>BRIAN A. GLASSER, AS TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDATING TRUST,<br><br>    Appellee. | MEMORANDUM OPINION AND ORDER |

## I. Status

  Appellants Desert Ranch, LLLP, Desert Ranch Management, LLC, and

Timothy L. Blixseth appeal the Bankruptcy Court's order enjoining them from

transferring any of their assets with a value exceeding five thousand dollars ($5,000.00). This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1). The Bankruptcy Court issued a preliminary injunction because it found that Appellants violated a court order and fraudulently disposed of property to the detriment of Appellee, Brian Glasser, Trustee of the Yellowstone Club Liquidating Trust ("the Trustee"). Appellants contend the Bankruptcy Court lacked the constitutional authority to enter the preliminary injunction and that the injunction is not warranted on the merits because the Trustee has failed to satisfy the four-part test required for issuance of a preliminary injunction. For the reasons stated below, this Court affirms the Bankruptcy Court's order. The parties are familiar with the extensive factual and procedural background of this case as outlined by the Bankruptcy Court. It will be restated here only as needed to explain this Court's decision.

## II. Standard

A district court reviews a bankruptcy court's legal conclusions *de novo* and factual findings for clear error. *In re Leavitt*, 171 F.3d 1219, 1222 (9th Cir. 1999). Under clear error review, the court must not reverse unless it is "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## III. Analysis

### A. This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a)(1).

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. § 158(a)(1). The Trustee contends that a preliminary injunction is an interlocutory order rather than a final appealable order and thus this Court does not have jurisdiction to hear this appeal. (Doc 11 at 7.) But "[t]he unique nature of bankruptcy proceedings dictates . . . that [courts] take a pragmatic approach to the question of finality." *In re Mason*, 709 F.2d 1313, 1318 (9th Cir. 1983). "[C]ertain proceedings in a bankruptcy case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right." *In re Stanton*, 766 F.2d 1283, 1286 (9th Cir. 1985) (quoting *Mason*, 709 F.2d at 1317). "A judgment that resolves a bankruptcy adversary proceeding is final for purposes of appeal." *In re Adam Aircraft Industries, Inc.*, ___ B.R. ___, 2014 WL 1930156, * 3 (Bankr. App. 10th Cir. 2014). The appeal before this Court is an appeal from an order entered in Adversary Proceeding No. 10–00015 in Case No. 08–61570–11–RBK before the Bankruptcy Court. Because the order enjoining Appellants from transferring

their assets is a resolution of an adversary proceeding and is conclusive of the property rights of individual parties, and considering the pragmatic approach to finality necessary in bankruptcy proceedings, this Court has jurisdiction to hear an appeal of the preliminary injunction order.

### B. Appellants' request that the preliminary injunction be vacated is denied.

Pursuant to 11 U.S.C. § 105(a), a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." "Section 105(a) contemplates injunctive relief in precisely those instances where parties are pursuing actions . . . that threaten the integrity of a bankrupt's estate." *In re Canter*, 299 F.3d 1150, 1155 (9th Cir. 2002) (internal citations and quotations omitted). To obtain a preliminary injunction, a plaintiff must establish that (1) he or she is likely to succeed on the merits, (2) he or she is likely to suffer irreparable harm without preliminary relief, (3) the balance of equities tips in his or her favor, and (4) an injunction is in the public interest. *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Assn., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

The first element of a preliminary injunction requires the movant to prove

that he or she is likely to succeed on the merits. In the underlying action, the Trustee is asserting claims under Montana's Uniform Fraudulent Transfer Act and sections 548 and 550 of the Bankruptcy Code for the recovery of fraudulent transfers from Appellant Blixseth to Appellant Desert Ranch. (Doc. 11 at 19.) Under Montana law, a transfer by a debtor is fraudulent if the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor of the debtor." Mont. Code. Ann. § 31–2–333(1)(a). In another adversary proceeding in this case, the Bankruptcy Court found that Appellant Blixseth's "fraudulent intent could not be more clear. Blixseth . . . [acted] with the actual intent to hinder, delay and defraud his creditors . . . ." *In re Yellowstone Mountain Club, LLC*, 436 B.R. 598, 664 (Bankr. D. Mont. 2010). Since the Bankruptcy Court has already concluded that Appellants acted with fraudulent intent, the Trustee has shown a likelihood of success on the merits.

The second element of a preliminary injunction requires the movant to prove that irreparable harm is likely—not merely possible—if injunctive relief is not granted. *Winter*, 555 U.S. at 22. The Trustee has a judgment against Appellant Blixseth in the amount of $40,067,962.43 plus fees and costs. (Bankr. Case No. 08–61570–11–RBK AP 09–00014, Doc. 580 at 4.) In Adversary Proceeding No. 09–00064, Blixseth stipulated to the entry of an order prohibiting

that he or she is likely to succeed on the merits. In the underlying action, the Trustee is asserting claims under Montana's Uniform Fraudulent Transfer Act and sections 548 and 550 of the Bankruptcy Code for the recovery of fraudulent transfers from Appellant Blixseth to Appellant Desert Ranch. (Doc. 11 at 19.) Under Montana law, a transfer by a debtor is fraudulent if the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor of the debtor." Mont. Code. Ann. § 31–2–333(1)(a). In another adversary proceeding in this case, the Bankruptcy Court found that Appellant Blixseth's "fraudulent intent could not be more clear. Blixseth . . . [acted] with the actual intent to hinder, delay and defraud his creditors . . . ." *In re Yellowstone Mountain Club, LLC*, 436 B.R. 598, 664 (Bankr. D. Mont. 2010). Since the Bankruptcy Court has already concluded that Appellants acted with fraudulent intent, the Trustee has shown a likelihood of success on the merits.

The second element of a preliminary injunction requires the movant to prove that irreparable harm is likely—not merely possible—if injunctive relief is not granted. *Winter*, 555 U.S. at 22. The Trustee has a judgment against Appellant Blixseth in the amount of $40,067,962.43 plus fees and costs. (Bankr. Case No. 08–61570–11–RBK AP 09–00014, Doc. 580 at 4.) In Adversary Proceeding No. 09–00064, Blixseth stipulated to the entry of an order prohibiting

him from transferring or encumbering certain assets, including the Tamarindo Resort Property, (Bankr. Case No. 08–61570–11–RBK AP 09–00064, Doc. 16 at 2), which Blixseth maintained was worth $40 million, (Doc. 1-7 at 10). Blixseth proceeded to violate that court order and dispose of the Tamarindo Resort Property. (Bankr. Case No. 08–61570–11–RBK AP 09–00064, Doc. 49 at 6.) Blixseth then spent all $13 million in proceeds from the sale, (*id.* at 14-15), making that money unavailable to his creditors. Based on Appellant Blixseth's past conduct, the Trustee has adequately demonstrated the likelihood of irreparable financial harm in the absence of an injunction.

The third element of a preliminary injunction requires "courts [to] balance the competing claims of injury and consider the effect of granting or withholding the requested relief." *Winter*, 555 U.S. at 9. Appellants note that Blixseth is a real estate developer and that the Trustee has presented no evidence that Blixseth is no longer in business. (Doc. 4 at 26.) The implication seems to be that real estate developers are in the business of selling property and, without proof from the Trustee that Blixseth is no longer in business, this Court should assume that the inability to transfer property is *per se* harmful to Appellants. Appellants conclude by arguing that the Bankruptcy Court does not have jurisdiction over the transferred assets and "the mere fact that the Bankruptcy Court is restraining the

transfer of non-estate property and companies that are not before the it [sic] based upon attorney argument is more than sufficient harm in itself to vacate the injunction." (Doc. 4 at 26.) This conclusory argument is unpersuasive. The likely effect on the Trusteee of withholding the requested relief is clear: Appellants will continue to dispose of assets in violation of a court order and to the financial detriment of the Trustee and creditors. As the Bankruptcy Court noted, "Blixseth and Desert Ranch have engaged in a pattern of secreting or dissipating assets to avoid judgment." (Doc. 1–7 at 10.) The more property Appellants dispose of, the less money will be available to the Trustee and consequently to creditors. This element weights in the Trustee's favor.

The fourth element of a preliminary injunction requires courts to give "particular regard to the public consequences" of granting or withholding the requested relief. *Winter*, 555 U.S. at 9. Appellants argue that the "parties are private actors; thus, their interests are not the publics [sic]." (Doc. 4 at 21.) But the Trustee persuasively counters that legislatures have deemed preventing fraudulent transfers in the public interest by enacting fraudulent transfer statutes. *See, e.g.*, Mont. Code Ann. § 31–2–326, *et seq.* Further, this Court agrees with the Bankruptcy Court that "it is always in the public interest for parties to abide by court orders." (Doc. 1-7 at 11.) To avoid judgment, Appellants previously have

dissipated assets in violation of a court order. It is in the public interest to prevent fraudulent financial dealings and promote respect for the law.

## IV. Conclusion

All four elements necessary to support entry of a preliminary injunction favor the Trustee and the relief ordered by the Bankruptcy Court. Having reviewed the Bankruptcy Court's findings of fact for clear error and legal conclusions *de novo*, this Court is persuaded that the preliminary injunction was properly issued. The decision of the Bankruptcy Court will therefore be affirmed.

IT IS ORDERED that the decision of the United States Bankruptcy Court for the District of Montana in Case No. 08–61570–11–RBK, Adversary Proceeding No. 10–00015, (*see* Doc. 1-7), is HEREBY AFFIRMED.

IT IS FURTHER ORDERED that Clerk of Court shall enter judgment in favor of Appellee, Brian Glasser, Trustee of the Yellowstone Club Liquidating Trust and close this case.

DATED this 31st day of July, 2014.

Donald W. Molloy, District Judge
United States District Court